# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM MUHAMMAD,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. 1:15-cv-00794-BAM  HC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Petitioner proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.      Preliminary Screening

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

///

1

## II.  Need to Name Proper Respondent

In this case, Petitioner names the People of the State of California as Respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). For example, the warden of the state penal institution in which a petitioner is an inmate or the sheriff of the county in which a petitioner is jailed are proper respondents. If the petitioner is on probation or parole, the proper respondent is his probation or parole officer or the official in charge of the parole or probation agency or state correctional agency. *Id.* Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. *Stanley*, 21 F.3d at 360; *Olson v. California Adult Authority*, 423 F.2d 1326, 1326 (9th Cir. 1970).

## III.  Custody Requirement

A federal district court may consider a habeas petition brought by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This means that, at the time the petition is filed, a federal habeas petitioner must be in custody under the conviction or sentence under attack. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). The § 2254 requirement that a petitioner be in custody is jurisdictional. *See Maleng*, 490 U.S. at 490 and 494; *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998). If the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render a petitioner "in custody" for purposes of a § 2254 petition.

The Court cannot determine whether Petitioner in this case was "in custody" when he filed his petition on May 26, 2015. Although Petitioner provided a residential address, he alleged that he

had ten days of another sentence left to serve.  *See* Doc. 1 at 28.  Because Petitioner cannot proceed with this habeas petition unless he was in custody when he filed it, the amended petition must clearly set forth the facts regarding his custody for the conviction challenged in the petition as of May 26, 2015.

**IV.    Conclusion and Order**

Accordingly, the Court hereby ORDERS:

1. The petition for writ of habeas corpus shall be dismissed with leave to amend in accordance with this order.

2. The Clerk's Office shall send Petitioner a copy of this order and a form for Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

3. Within thirty (30) days of service of this order, Plaintiff shall file an amended petition naming a proper respondent and articulating the nature of his custody on the filing date (May 26, 2015).  Plaintiff shall fully complete the form for the amended petition, including all claims and the facts supporting each claim.

4. If Plaintiff fails to file an amended petition within thirty (30) days from the date of service of this order, this action will be dismissed without further notice for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **July 28, 2015**                     /s/ *Barbara A. McAuliffe*           
                                                        UNITED STATES MAGISTRATE JUDGE

3